Opinion issued October 16, 2008











In The

Court of Appeals

For The

First District of Texas






NO. 01-02-01243-CR






RYAN WILLIAM MADDEN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 917531






MEMORANDUM OPINION

 A jury convicted appellant, Ryan Willliam Madden, of felony possession with
intent to deliver cocaine weighing at least 400 grams and sentenced him to 30 years
in prison. We previously held that the trial court erred by failing to give provide an
Article 38.23 instruction regarding the legality of his detention, and we reversed the
trial court's judgment. Madden v. State, 177 S.W.3d 322, 328 (Tex. App.--Houston
[1st Dist.] 2005), rev'd, 242 S.W.3d 504, 518 (Tex. Crim. App. 2007). The Court of
Criminal Appeals held that appellant was not entitled to an Article 38.23(a) jury
instruction "because no evidence raised a disputed fact issue material to the
admissibility of the challenged evidence." Madden, 242 S.W.3d at 518; see Tex.
Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). The Court of Criminal Appeals
vacated our prior judgment and remanded the case to us to address appellant's
remaining claims. Id.

 We affirm.

Background

 The facts at issue in this case are well-detailed in our prior opinion,
Madden,177 S.W.3d at 322-32, and the opinion of the Court of Criminal Appeals,
Madden, 242 S.W.3d at 504-18. To briefly summarize, after appellant was stopped
for speeding, cocaine and weapons were found in the trunk of the car he was driving,
and he was arrested. 

 When appellant was stopped, a second vehicle following appellant's was also
stopped. The second vehicle had begun tailgating an 18-wheeler in an attempt to
divert the trooper's attention away from appellant's car. Also, appellant exhibited
signs of uncontrollable nervousness, including shaking hands, trembling face, and
fumbling with his wallet. Appellant gave the trooper inconsistent stories regarding
where he was going, where he came from, and how long he had been there. The
trooper noticed that appellant's vehicle was a rental car and that the rental agreement
had expired four days earlier. When asked about prior arrests, appellant told the
trooper he had a prior "D.U.I.," but he failed to reveal his 1996 larceny arrest. After
talking to appellant, Trooper Lily called for backup and a narcotics-sniffing dog,
which alerted on appellant's vehicle. Three kilograms of cocaine and five weapons
were found in the trunk of appellant's car.

Prolonged Detention

 On appeal, in addition to his Article 38.23 challenge, appellant contends that
the trial court erred by denying his motion to suppress evidence found in the trunk of
his rental car, because he was unreasonably detained to allow for a drug-sniffing dog
to arrive. Appellant argues that his prolonged detention violated the Fourth
Amendment because the trooper who had detained him lacked reasonable suspicion
to detain him beyond the traffic stop. In reviewing a trial court's ruling on a motion
to suppress evidence, we give almost total deference to the trial court's determination
of historical facts and we review de novo the trial court's application of the law of
search and seizure. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). 
Once a traffic stop is concluded, continued detention is permitted only if there is
reasonable suspicion to do so. Woods v. State, 956 S.W.2d 33, 35, 38 (Tex. Crim.
App. 1997). To demonstrate reasonable suspicion in this case, the State had to
present to the trial court specific articulable facts, which, when combined with
rational inferences from those facts, led the trooper to reasonably suspect that
appellant "had engaged, was engaging, or was soon to engage in criminal activity."
Id. In reviewing the related Article 38.23 issue, the Court of Criminal Appeals
concluded:

 Even if the videotape or a witness had provided affirmative evidence
that appellant did not, in fact, appear to be nervous when Trooper Lily
encountered and questioned him, the officer still had ample basis for his
reasonable suspicion to detain appellant for the arrival of the drug dog. 
The totality of the other facts . . . was legally sufficient to support further
detention.


Madden, 242 S.W.3d at 516-17. Accordingly, we hold that the trial court properly
denied appellant's motion to suppress, and we overrule this issue.

The Videotape

 Appellant's last remaining issue is that the trial court erred in denying his
motion for mistrial after it became known that the videotape the State gave to
appellant was misleading and adversely affected the theory, preparation, and
presentation of his case. Specifically, appellant contends that the audio portion of the
copy of the dashboard videotape the State provided him did not reveal the sound of
the dog scratching the car to alert. A key part of appellant's defense strategy was the
planned testimony of an expert witness, who would have testified that the dog did not
alert. The State's copy of the videotape shows the handler walking around the car
with the dog, who stood on his hind legs and scratched the trunk. After circling the
car twice--rearing up and scratching the trunk each time--the handler told the
trooper that the dog had alerted, the trooper asked appellant for his keys, and the
trooper searched appellant's car. When the State played its copy of the videotape,
appellant's expert witness testified that the dog did, indeed, alert to the car's trunk. 

 Appellant twice moved for a mistrial, arguing surprise, although appellant's
attorney noted that he did not believe the State acted in bad faith to mislead
appellant. (1) The first time appellant moved for mistrial, the prosecutor said, "I think
his objection is that the tape that he was given was identical in all respects except as
to the volume of the scratching noise made by the dog on the car." After watching
both the State's and appellant's copies of the videotape, the trial court noted, "I'll
have to confess I don't hear any difference. There may be a difference. All I hear are
those cars woozing by . . . The actions are the exact same." When appellant reurged
his motion for mistrial at the conclusion of the State's evidence, the trial court stated:

 No one can tell any difference between one tape and the other. I still
can't tell any difference. You three guys are the only people in the
world who will hear any difference from one tape to the other. They're
[the jury] going to sit back there for an hour trying to find any difference
between one tape and the other . . . I don't see any difference at all." 


 Nevertheless, the trial court allowed appellant's trial attorney to testify to
prevent the jurors from potentially suspecting that the defense team had tampered
with their copy of the videotape to help their case. (2) Appellant's trial attorney testified
that he had not doctored the videotape and that he did not believe the State had either.

 I want to make it clear as I can in the record that I do not believe you or
any agent of the State of Texas or any trooper, law enforcement, has
done anything intentional to change the tapes whatsoever. I think it's
simply the copying process, you pick up some static . . . [W]e believe
that the scratch was masked by the copying process . . . .


He explained his opinion that the defense copy of the videotape created "the false
impression" that the dog was "trying to catch his footing." Appellant's trial attorney
also testified that the prosecutor had been "completely forthcoming," showing him
the entire contents of his file, including the prosecutor's personal notes about its
contents. 

 A trial court's denial of a motion for mistrial is reviewed for abuse of
discretion. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A trial court
may declare a mistrial when an error occurs that is so prejudicial that the expenditure
of further time and expense would be wasteful. Wood v. State, 18 S.W.3d 642, 648
(Tex. Crim. App. 2000). 

 Appellant argues that the "misleading" videotape caused unfair surprise
sufficient to warrant a mistrial. It appears that appellant's trial attorney drew a
mistaken conclusion based on the evidence gleaned through discovery and that he did
not compare the two videotapes before trial, despite the prosecutor's open file. See
Tex. Code Crim. Proc. Ann. art 39.14(a) (Vernon 2005) (statutory right to inspect
evidence). Although there was no showing or allegation of prosecutorial misconduct
or the withholding of exculpatory evidence, the trial court permitted appellant's trial
attorney to testify in order to cure any potential harm resulting from his mid-trial
change in defense strategy. Under these circumstances, we hold that the trial court
did not abuse its discretion in denying appellant's motion for mistrial. We overrule
this issue.




Conclusion

 We affirm the judgment of the trial court.

 



 Sam Nuchia

 Justice


Panel consists of Justices Taft, Nuchia, and Keyes.


Do not publish. Tex. R. App. P. 47.2(b). 
1. Appellant's trial attorney stated, "I do not believe [the prosecutor] has done anything
improper. I just think that the copying process kind of drowns out the scratch."
2. Appellant's trial attorney stated, "If we don't do it [testify], Your Honor, I'm going to be
faced with final argument: We don't know what this sly defense attorney has done to this exhibit."